IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PURITY HEALTH AND WELLNESS
CENTERS, INC., a Wyoming Corporation;
JEAN JUANITA ALLEN, an Individual,

    Defendants.

Civil Action No. _____

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**

For its Complaint against Defendants Purity Health and Wellness Centers, Inc. (Purity Health) and Jean Juanita Allen, the United States of America, by and through its undersigned counsel, alleges as follows:

**INTRODUCTION**

1. Defendants are conducting a predatory wire fraud scheme exploiting the current COVID-19 pandemic.

2. Defendants maintain a purported treatment office in Dallas, Texas, where they provide, among other things, "ozone therapy."

3. Defendants have made numerous false claims on the Internet and to prospective customers that their "ozone therapy" can cure or prevent COVID-19.

4. There is currently no known effective medical cure for COVID-19. Exposing humans to ozone, which is generally a toxic gas and respiratory irritant, is not known to prevent or treat COVID-19.

5.  The United States seeks to prevent continuing and substantial injury to victims of this fraudulent scheme by bringing this civil action under 18 U.S.C. § 1345 to enjoin Defendants' ongoing facilitation of wire fraud in violation of 18 U.S.C. § 1343.

## JURISDICTION AND VENUE

6.  The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

8.  Plaintiff is the United States of America.

9.  Defendant Purity Health is a corporation organized under the laws of the State of Wyoming and headquartered in Dallas, Texas.

10. Defendant Jean Juanita Allen resides in Dallas, Texas and is an owner of Purity Health.

## FRAUDULENT SCHEME

11. On April 15, 2020, Special Agent Katherine Schwethelm of the Federal Bureau of Investigation visited the account "purityhealthdallas" located on the public website Instagram. Agent Schwethelm located numerous posts on that Instagram account promoting Purity Health's Dallas location and encouraging consumers to visit Purity Health to use its services.

12. Numerous publicly accessible posts that Defendants made or caused to be made on Instagram falsely state that Purity Health's ozone treatments can cure or prevent COVID-19 and/or coronavirus.  For example, one statement from Purity Health reads:  "The CORONA VIRUS is here in the USA.  The only prevention is ozone. #coronavirus #ozonetherapy." Another post states:  "Concerns over CORONAVIRUS—you don't have to worry if you do ozone! #coronavirus #epidemic #ebola #ozonetherapy."  Another post states: "Corona Virus update: ozone eradicates lethal viruses and bacteria. #coronavirus #ozonetherapy."  On or around

April 13, 2020, publically available posts appeared on Purity Health's Instagram account with the hashtags "#covid19" and "#coronavirus" to suggest that Defendants provide treatments for COVID-19.  As of April 21, 2020, these posts and others like them remain on the purityhealthdallas Instagram account.  Allen has claimed that Purity Health's ozone treatments can cure or prevent COVID-19 and/or coronavirus directly to prospective customers.

13. The claims made by Purity Health and Allen are false and fraudulent, as the participants in the scheme either know or consciously avoid knowing the fact that currently there is no known effective medical cure for COVID-19.

14. As of April 15, 2020, agents have observed consumers patronizing Purity Health's Dallas location and have observed Defendant Allen entering Purity Health's Dallas location, indicating that the scheme is ongoing.

15. Victims suffer financial losses from the wire fraud scheme facilitated by Defendants, and victims further suffer harm via potential exposure to COVID-19 by unnecessarily visiting Purity Health's location for a treatment that does not work.

16. Absent injunctive relief by this Court, Defendants' conduct will continue to cause injury to victims.

## COUNT ONE
## 18 U.S.C. § 1345

17. The United States re-alleges and incorporates each of the preceding paragraphs as though fully set forth herein.

18. By reason of the conduct described herein, Defendants have violated, are violating, and are about to violate 18 U.S.C. § 1343 by facilitating a scheme and artifice to defraud and obtain money or property by means of false or fraudulent representations with the intent to defraud, and, in so doing, use interstate wire communications.

19. Upon a showing that Defendants are committing or about to commit a violation of 18 U.S.C. § 1343, the United States is entitled, under 18 U.S.C. § 1345, to seek a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future

fraudulent conduct. The Court may also grant such other relief it deems just and proper to prevent a continuing and substantial injury to victims of the fraud scheme.

20. As a result of the foregoing, the Court should enjoin Defendants' conduct under 18 U.S.C. § 1345.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests judgment in its favor and against the Defendants, including the following relief:

A. That the Court issue an order, pursuant to 18 U.S.C. § 1345, pending a hearing and determination of the United States' application for a preliminary injunction, that Defendants, their agents, officers, and employees, and all other persons or entities in active concert or participation with them, must immediately cease offering to treat, cure, prevent, or otherwise mitigate the impact of the novel coronavirus and/or COVID-19 through "ozone therapy," and to remove, delete, take down, and cease making any representations regarding the same;

B. That the Court issue a preliminary injunction, pursuant to 18 U.S.C. § 1345, on the same basis and to the same effect;

C. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, on the same basis and to the same effect;

D. All such further relief as may be just and proper.

Dated: April 22, 2020                                    Respectfully submitted,

JOSEPH H. HUNT                                           ERIN NEALY COX
Assistant Attorney General                               United States Attorney
Civil Division

                                                By:   *s/ Kenneth G. Coffin*

GUSTAV W. EYLER                                          KENNETH G. COFFIN
Director                                                 Assistant United States Attorney
Consumer Protection Branch                               Texas Bar No. 24076986
Civil Division                                           1100 Commerce Street, Third Floor
                                                         Dallas, Texas 75242
PATRICK R. RUNKLE                                        Telephone: (214) 659-8646
Trial Attorney                                           kenneth.coffin@usdoj.gov
Consumer Protection Branch
P.O. Box 386                                             *Counsel for the United States*
Washington, DC 20044
(202) 532-4723
patrick.r.runkle@usdoj.gov

**Complaint – Page 5**